## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUZANNE RICHARDS<br><br>and<br><br>SMR HEALTHCARE MANAGEMENT, INC.,<br><br>              **Plaintiffs,**<br><br>  v.<br><br>COMMUNITY FIRST HEALTHCARE OF ILLINOIS, INC. doing business under the assumed name COMMUNITY FIRST MEDICAL CENTER<br><br>and<br><br>EDWARD GREEN,<br><br>           **Defendants.** | CIVIL ACTION NO._____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiffs Suzanne Richards and SMR Healthcare Management, Inc., by and through their undersigned attorneys, hereby file the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.      This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiffs Suzanne Richards ("Ms. Richards") and SMR Healthcare Management, Inc. ("SMR") (collectively, "Plaintiffs") against Defendants Community First Healthcare of Illinois, Inc. doing business under the assumed name Community First Medical Center ("CFMC") and Edward Green ("Mr. Green") (collectively,

"Defendants").

2.      After the parties entered into an agreement regarding certain services to be provided by Plaintiffs, and Plaintiffs provided such services, Defendants have failed and/or refused to pay Plaintiffs' invoices for the services.

3.      Plaintiffs have been harmed by Defendants' breach of their agreement and refusal to pay Plaintiffs the significant unpaid invoices that have continued to accrue.

4.      Due to Defendants' refusal to pay Plaintiffs their unpaid invoices, Plaintiffs have sustained damages in the current amount of $239,184, plus interest.

## JURISDICTIONAL STATEMENT

5.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6.      The amount in controversy in this matter exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

7.      Plaintiffs' damages in this matter are in excess of $239,000, exclusive of interest and costs.

8.      The Parties hereto are citizens and/or residents of different states.

9.      Plaintiff Suzanne Richards is an adult female citizen and resident of the State of Nevada.

10.      Plaintiff SMR is a Nevada corporation with its corporate headquarters in Nevada.

11.      Defendant Community First Healthcare of Illinois, Inc. doing business under the assumed name Community First Medical Center, is doing business in Chicago, Cook County, Illinois.

12.     Defendant CFMC is an Illinois Corporation with a principal place of business in Chicago, Cook County, Illinois.

13.     Defendant Edward Green is an adult male citizen and resident of the State of Illinois.

## VENUE

14.     This action properly lies in the Northern District of Illinois, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

15.     This action properly lies in the Northern District of Illinois because significant activities associated with the claims alleged took place in this jurisdiction and all or nearly all of the work pursuant to the contract at issue in this matter took place in this jurisdiction.

## PARTIES

16.     Plaintiff Suzanne Richards is the Chief Executive Officer of Plaintiff SMR, which provides management and consulting services.

17.     Defendant Edward Green is a principal and owner of Defendant CFMC, which operates a medical hospital and center that provides a variety of healthcare services to patients at its location in Chicago, Cook County, Illinois.

18.     At all relevant times, employees of CFMC, including but not limited to, Defendant Edward Green, acted as agents and servants for CFMC.

19.     At all relevant times, employees and/or agents of CFMC, including but not limited to, Defendant Edward Green, were acting within the scope of their authority and/or in the course of employment under the direct control of CFMC.

20.     At all times material hereto, Defendant CFMC acted by and through its

3

authorized agents, servants, workmen and/or employees acting within the course and scope of their employment or agency with Defendant CFMC and in furtherance of Defendant CFMC's business.

21.     This cause of action arose out of transactions or occurrences that took place in whole or in part in Chicago, Cook County, Illinois.

22.     This Honorable Court has personal jurisdiction over the Defendants.

## FACTS

23.     On or about March 1, 2019, the parties reached an agreement (hereinafter, the "Agreement") for SMR and Ms. Richards to provide certain consulting services, including, among other things, assisting owner/principal Defendant Edward Green, overseeing and administering the business, performing an operational and clinical assessment of CFMC, identifying areas for clinical and financial improvement, performing talent assessments, and performing assessments of facility operations.

24.     Among other things, pursuant to the Agreement, SMR agreed to employ and/or contract qualified and experienced individuals to provide services to CFMC.

25.     Pursuant to the Agreement, CFMC agreed to pay SMR for its services rendered pursuant to the Agreement, in accordance with certain agreed upon rates.

26.     Specifically, the parties agreed that SMR would be paid a flat rate of $80,000 within thirty (30) business days of receipt of documentation of the performance of the services to be provided under the Agreement.

27.     The parties agreed that CFMC would be responsible for three percent (3%) interest for late payment, to be compounded monthly.

28.     The parties agreed that Suzanne Richards would be deemed the Chief

4

Executive Officer reporting to Mr. Green, and would spend 16 hours on-site per month; while there would be one on-site full-time Chief Operations Officer and Chief Clinical Officer, reporting to both Mr. Green and Ms. Richards.

29.    The parties agreed that either party could terminate the Agreement upon breach by the other party of any material provision of the Agreement, provided that such breach continued for fifteen (15) days after receipt by the breaching party of written notice of such breach by the non-breaching party.

30.    Per the terms of the Agreement, SMR and Ms. Richards provided excellent and high-quality services to CFMC.

31.    Pursuant to the Agreement, SMR employed and/or contracted at least three (3) qualified and experienced individuals as "SMR Staff" to provide services for CFMC.

32.    Notwithstanding SMR's excellent provision of services and adherence to the Agreement, almost immediately after entering into the Agreement, Defendants were lax in their payments to SMR.

33.    Ms. Richards repeatedly reminded Defendants of the overdue payments.

34.    Notwithstanding the overdue payments, SMR and Ms. Richards continued to provide excellent and high-quality services and work.

35.    However, only a few months into the Agreement, in or about the Summer of 2019, CFMC and Mr. Green entirely ceased making payments to SMR and Ms. Richards for their services rendered, in violation of the Agreement.

36.    To assist CFMC and Mr. Green's payment obligations, Ms. Richards attempted to facilitate the transition of the SMR Staff to employees of CFMC, on the

CFMC payroll.

37.     The transition of the SMR Staff to CFMC payroll would reduce CFMC's monthly expenses, which should have helped CFMC and Mr. Green make their owed payments to Plaintiffs as required under the Agreement.

38.     Despite Plaintiffs' assistance, offer of alternative arrangements, and provision of credit to CFMC and Mr. Green, CFMC and Mr. Green refused and/or failed to pay Plaintiffs for their outstanding invoices pursuant to the terms of the Agreement.

39.     By email on September 9, 2019, Ms. Richards informed Mr. Green that it had been two weeks since SMR had received any payment towards the unpaid invoices, and that, despite one small payment from two weeks prior, Defendants still owed over $240,000 in unpaid invoices for services rendered.

40.     Accordingly, Ms. Richards stated that September 13, 2019 would be her last day as CEO pursuant to the Agreement.

41.     In her email, Ms. Richards stressed the need for a routine payment plan to bring down the significant amounts that Defendants owed to Plaintiffs.

42.     Ms. Richards further offered to work with Defendants regarding a payment plan for the significant amounts of unpaid services and invoices.

43.     CFMC and Mr. Green still failed and/or refused to pay SMR or Ms. Richards the amounts due and owing for services rendered, pursuant to the Agreement.

44.     On September 13, 2019, Ms. Richards again emailed Mr. Green to confirm, per her prior email on September 9, 2019, that this would be her last day as CEO, due to CFMC's failure and/or refusal to pay SMR's invoices.

45.     In her September 13, 2019 email, Ms. Richards stated that she could no

longer pay the SMR employees working at CFMC without any payment from Defendants, and thus, such employees also would cease working at CFMC unless Defendants began paying the overdue invoices.

46.     In response, Mr. Green insisted that certain employees could be added to payroll.

47.     Ms. Richards reminded him that even if employees were added to payroll, that did not cure the significant outstanding and unpaid invoices.

48.     Mr. Green responded that Ms. Richards needed to "work that out" with Gregory Brentano of CFMC.

49.     As she had continuously done throughout the duration of the Agreement, Ms. Richards again requested payment of the outstanding invoices, and offered to discuss a payment plan that would work for Defendants.

50.     Accordingly, Defendants agreed to pay the outstanding and unpaid invoices, in that Defendants would pay $15,000 per week for four weeks, followed by payments of $30,000 per week until the outstanding balance was paid off.

51.     Plaintiffs received the first installment of $15,000 from Defendants on September 20, 2019 and a second, late installment payment of $15,000 on October 4, 2019.

52.     Plaintiffs did not receive any more installments of $15,000 or any other amounts from Defendants to pay off their outstanding debt to Plaintiffs.

53.     By letter dated September 28, 2019, Ms. Richards informed Mr. Green that Defendants had breached the Agreement, as regular payments had not been made, and that over $250,000 was still owed in unpaid invoices.

54.     In her letter, Ms. Richards reminded Mr. Green that she and SMR had been accommodating Mr. Green and CFMC by setting up alternative arrangements for payments, and that Defendants had agreed to pay the outstanding amounts via weekly installments, but Plaintiffs had not received further installment payments.

55.     Ms. Richards stated in the letter that the letter was to provide fifteen (15) days' notice of Defendants' breach of the Agreement.

56.     Ms. Richards gave Defendants fifteen (15) days' written notice of their breach pursuant to the terms of the Agreement.

57.     Ms. Richards terminated the Agreement due to Defendants' breach of the Agreement.

58.     Ms. Richards stated that SMR's last day to provide services pursuant to the Agreement would be October 13, 2019.

59.     To date, Defendants have not paid any further amounts with respect to the outstanding invoices, which total $239,184, exclusive of interest.

60.     Ms. Richards and SMR have made repeated requests for payment of the delinquent amounts owed by CFMC and Mr. Green pursuant to the Agreement.

61.     Despite Plaintiffs' repeated demands for payment of the delinquent amounts due, CFMC and Mr. Green have failed and refused to pay any further amount with respect to the outstanding invoices.

62.     Per the express terms agreed to by the parties, Defendants were to pay a flat rate of $80,000 within thirty (30) business days of receipt of documentation of the performance of the services by Plaintiffs.

63.     Defendants failed to pay Plaintiffs' invoices within thirty (30) business

days of receipt of documentation of the performance of the services.

64.     Moreover, the Agreement provided for three percent (3%) interest for late payment, to be compounded monthly.

65.     Thus, Defendants owe Plaintiffs for unpaid invoices in the amount of $239,184, plus three percent (3%) interest, compounded monthly, pursuant to the terms of the Agreement.

66.     There is no justification for CFMC or Mr. Green's failure to pay the outstanding and overdue amounts referenced herein.

67.     In failing and refusing to pay the outstanding and overdue invoices, along with interest per the Agreement, despite repeated demand for payment by Ms. Richards and SMR, Defendants have breached their Agreement with Plaintiffs.

68.     As a result of Defendants' breach of the Agreement, Plaintiffs have suffered financial losses as alleged herein.

69.     As a result of Defendants' breach of the Agreement, Plaintiffs have been forced to expend costs, including attorneys' fees, to enforce its rights under the Agreement.

## COUNT I
### Breach of Contract

70.     Plaintiffs repeat and incorporate by reference the allegations of all previous paragraphs as if fully set forth at length herein.

71.     The parties entered into a binding Agreement, pursuant to which, among other things, SMR would provide certain services and Defendants would pay Plaintiffs for such services.

72.     Plaintiffs fully performed under the Agreement.

9

73.     In failing and refusing to pay the amounts due and owing pursuant to the Agreement, plus interest, Defendants breached the Agreement.

74.     Plaintiffs seek damages for Defendants' breach of the Agreement, including the principal amount due, along with interest as agreed, consisting of three percent (3%) interest for any late payment, to be compounded monthly.

75.     Defendants' conduct is without excuse or justification.

76.     As the direct and proximate result of the aforesaid unlawful acts, Plaintiffs Suzanne Richards and SMR Healthcare Management, Inc. have sustained significant financial loss and damages.

## COUNT II
### Unjust Enrichment

77.     Plaintiffs repeat and incorporate by reference the allegations of all previous paragraphs as if fully set forth at length herein.

78.     Plaintiffs conferred benefits upon Defendants by providing services for CFMC.

79.     Defendants appreciated the benefits conferred by Plaintiffs.

80.     Defendants accepted the benefits conferred by Plaintiffs.

81.     Defendants accepted the benefits conferred by Plaintiffs under circumstances that would make it inequitable for Defendants to retain such benefits without payment of value to Plaintiffs.

82.     For these reasons, Defendants are liable to Plaintiffs under a theory of Unjust Enrichment.

83.     As the direct and proximate result of the aforesaid unlawful acts, Plaintiffs Suzanne Richards and SMR Healthcare Management, Inc. have sustained significant

financial loss and damages.

## COUNT III
### Promissory Estoppel/Detrimental Reliance

84.    Plaintiffs repeat and incorporate by reference the allegations of all previous paragraphs as if fully set forth at length herein.

85.    Defendants promised to pay Plaintiffs for the services provided by Plaintiffs relating to CFMC.

86.    Plaintiffs reasonably relied upon Defendants' promises, to their detriment, by performing significant work for Defendants.

87.    Defendants failed and/or refused to honor their promises, as they have continued to fail and refuse to pay Plaintiffs as promised for the work performed by Plaintiffs.

88.    For these reasons, Defendants are liable to Plaintiffs under a theory of Promissory Estoppel or Detrimental Reliance.

89.    As the direct and proximate result of the aforesaid unlawful acts, Plaintiffs Suzanne Richards and SMR Healthcare Management, Inc. have sustained significant financial loss and damages.

## COUNT IV
### Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Ann. 115

90.    Plaintiffs repeat and incorporate by reference the allegations of all previous paragraphs as if fully set forth at length herein.

91.    SMR and Ms. Richards had a valid contract and/or employment agreement entitling Ms. Richards to the payments owed by CFMC.

92.    Pursuant to the parties' Agreement, Defendants agreed to pay a flat rate of

11

$80,000 by CFMC within thirty (30) business days of receipt of documentation of the performance of the Services.

93.     Pursuant to the parties' Agreement, Defendants further agreed to pay three percent (3%) interest for late payment, to be compounded monthly.

94.     Defendants violated the Illinois Wage Payment and Collection Act ("IWPCA") when they failed to pay SMR and Ms. Richards the agreed-upon and promised compensation and wages within the time specified by law.

95.     At all relevant times, Defendants were employers within the meaning of §115/2 and §115/13 of the IWPCA.

96.     At all relevant times, Ms. Richards was an employee within the meaning of §115/2 of the IWPCA.

97.     Defendants willfully failed to pay Ms. Richards rightfully earned compensation and wages during the course of her employment within the time limits prescribed by the IWPCA.

98.     Defendants' conduct as described herein violates the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Ann. 115 et seq., which authorizes, among other things, the award of the full amount of the wages owed, damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, costs and all such reasonable attorney's fees as may be allowed by this Honorable Court.

99.     As the direct and proximate result of the aforesaid unlawful acts, Plaintiffs Suzanne Richards and SMR Healthcare Management, Inc. have sustained significant financial loss and damages.

## **PRAYER FOR RELIEF**

100.     Plaintiffs repeat and incorporate by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiffs Suzanne Richards and SMR Healthcare Management, Inc. respectfully request that this Court enter judgment in their favor and against Defendants CFMC and Edward Green, and enter an Order:

(a)     Ordering appropriate equitable relief;

(b)     Ordering Defendants to pay all amounts outstanding to Suzanne Richards and SMR Healthcare Management, Inc. pursuant to the terms of the Agreement including, without limitation, all principal amounts and interest due as set forth in the Agreement;

(c)     Ordering Defendants to pay Plaintiffs further damages pursuant to the Illinois Wage Payment and Collection Act, consisting of 2% of the amount of any outstanding invoices for each month, attorneys' fees, and costs of suit; and

(d)     Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiffs Suzanne Richards and SMR Healthcare Management, Inc. hereby

demand trial by jury as to all issues so triable.

Respectfully submitted,

NEAL C. ZAZOVE & ASSOCIATES, P.C.

Neal C. Zazove, Esquire
Local Counsel
19 S. LaSalle Street, Suite 605
Chicago, Illinois 60603
(312) 641-5444

-and-

BELL & BELL LLP

Jennifer C. Bell, Esquire
*pro hac vice* pending
Christopher A. Macey, Jr., Esquire
*pro hac vice* pending
1617 JFK Blvd. – Suite 1254
Philadelphia, PA 19103
(215) 569-2500

*Attorneys for Plaintiffs Suzanne Richards
and SMR Healthcare Management, Inc.*

DATE: March 6, 2020